UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE BURTON,

     Plaintiff,

                                         Case No. 23-cv-11093

v.                                    Hon. Matthew F. Leitman

JAY SAPH, *et al*.,

     Defendants.

_____/

### ORDER (1) SUSTAINING IN PART PLAINTIFF'S OBJECTIONS (ECF No. 22) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECT No. 21); (2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 13); (3) ORDERING A BENCH TRIAL TO RESOLVE DEFENDANTS' EXHAUSTION DEFENSE; AND (4) SETTING PERIOD OF LIMITED DISCOVERY

On May 9, 2023, Plaintiff Jermaine Burton filed this action *pro se* against six medical and corrections staff members at a Michigan Department of Corrections ("MDOC") facility alleging deliberate indifference to serious medical needs in violation of 42 U.S.C. § 1983. (*See* ECF No. 1.)

Now pending before the Court is a motion for summary judgment by Defendants McInnis, Saph, and Stewart. (*See* Mot., ECF No. 15.)  In the motion, Defendants contend that they are entitled to judgment as a matter of law on the ground that Burton failed to exhaust his administrative remedies prior to bringing this action as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §

1997. (*See id.*)   The assigned Magistrate Judge has issued a Report and Recommendation in which he recommends that the Court grant the motion (the "R & R"). (*See* R & R, ECF No. 21.)  Burton has filed Objections to the R & R. (*See* Objections, ECF No. 22.)  Burton contends that his claims are not barred by any alleged failure to exhaust administrative remedies because he was thwarted in his effort exhaust those remedies, and thus any remedies that he failed to exhaust were not available to him.

In connection with the Court's analysis of Burton's Objections, the Court has conducted its own independent review of the evidence relevant to the exhaustion issue.  Based upon that review, the Court concludes that the issue of whether Burton was thwarted in the exercise of his administrative remedies – and thus whether those remedies were truly available to him – must be resolved through a bench trial.  In the Court's view, the evidence is not sufficiently clear to permit the Court to resolve the question as a matter of law on summary judgment. *See Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015) (holding that "disputed issues of fact regarding exhaustion under the PLRA present[ ] a matter of judicial administration that could be decided in a bench trial").   The Court will therefore **SUSTAIN IN PART** Burton's Objections to the extent they assert that his exhaustion defense cannot be resolved as a matter of law, and the Court will decide the exhaustion question at a bench trial.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Burton's Objections to the R & R are **SUSTAINED IN PART** to the extent that they assert that the question of exhaustion cannot be resolved as a matter of law on the current record.

2. The pending motion for summary judgment is **DENIED**.

3. The Court will hold a bench trial to resolve the exhaustion defense.

4. The parties may conduct discovery limited to Defendants' failure to exhaust administrative remedies defense until May 27, 2024.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126