UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE BURTON,

    Plaintiff,

v.

Case No. 23-cv-11093
Hon. Matthew F. Leitman

JAY SAPH, *et al.*,

    Defendants.
_____/

**ORDER DENYING DEFENDANT KIM FARIS, P.A., AND JULIANA MARTINO, N.P.'s MOTION FOR RECONSIDERATION AND STAYING ALL DISCOVERY PENDING THE APPOINTMENT OF COUNSEL (ECF No. 27)**

In this action, Plaintiff Jermaine Burton, proceeding *pro se*, alleges that six medical and corrections staff members at a Michigan Department of Corrections ("MDOC") facility were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*See* Complaint, ECF No. 1.) Three Defendants employed by the Michigan Department of Corrections ("MDOC") – McInnis, Saph, and Stewart – previously filed a motion for summary judgment based upon Burton's alleged failure to exhaust his administrative remedies. (*See* Mot., ECF No. 15.) The Court denied that motion because the Court believed that there were disputed questions of fact concerning whether Burton's efforts to exhaust his administrative remedies against those Defendants had been thwarted, thus excusing his failure to exhaust. (*See* Order, ECF No. 23.)

1

Two Defendants not employed by the MDOC – Faris and Martino – then filed a separate motion for summary judgment based upon Burton's alleged failure to exhaust administrative remedies. (*See* Mot., ECF No. 25.) The Court thereafter issued an order denying that motion for the same reason that it denied the motion filed by the other Defendants. (*See* Order, ECF No. 26.)

Faris and Martino have now filed a motion for reconsideration. (*See* Mot., ECF No. 27.) They argue that their failure-to-exhaust defense differs from the defense offered by the other Defendants and that the Court therefore erred in denying their motion for the same reasons that it denied the other Defendants' motion. The motion by Faris and Martino is **DENIED**.

The Court has reviewed the record and determined that Burton alleges, and has presented evidence, that he was thwarted in his efforts to determine whether Faris and Martino participated in providing the medical care that he alleges was deficient and that he was thus unable to properly name them in his grievances. (*See, e.g.*, Burton Aff. at ¶¶3 & 5, ECF No. 15, PageID.95.[1]) Thus, the issue of possible

---

[1] In the affidavit, Burton says, among other things, that Martino refused to identify those involved in his care that is at issue and that she denied being involved in that care. Burton now alleges and has presented evidence that Martino was involved in the care at issue. (*See, e.g.*, Verified Complaint at ¶¶ 5, 7, 12, ECF No. 1, PageID.5-6; Burton Aff. at ¶8, ECF No. 1, PageID.13.) Burton has thus created a factual dispute as to whether Martino thwarted his ability to name her in a grievance arising out of the care at issue by falsely denying any connection to that care.

"thwarting" arises with respect to the failure-to-exhaust defense raised by Faris and Martino in much the same way it arises with respect to that defense as raised by the other Defendants. The Court remains convinced that the most appropriate way to resolve the failure-to-exhaust defenses raised by all Defendants is through a bench trial.

The Court has previously directed that a period of limited discovery commence with respect to the failure-to-exhaust defense. The Court now **STAYS** all discovery. The Court has decided to appoint counsel for Burton – at least for the limited purpose of conducting discovery on, and conducting the bench trial of, the failure-to-exhaust defense. Once counsel has been appointed, the Court will hold a status conference to set a short discovery period and to schedule the bench trial.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 1, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126