UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE BURTON,

    Plaintiff,

                                              Case No. 23-cv-11093

v.                                     Hon. Matthew F. Leitman

JAY SAPH, *et al.*,

    Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 56, 58)

In this action, Plaintiff Jermaine Burton alleges that medical and corrections staff members at a Michigan Department of Corrections ("MDOC") facility were deliberately indifferent to his serious medical needs in violation of 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  Now pending before the Court are (1) a motion for summary judgment filed by Defendants Kim Farris and Juliana Martino (*see* Mot., ECF No. 56) and (2) a motion for summary judgment filed by Defendants McCinnis, Jay Saph, and Stewart (*see* Mot., ECF No. 58).  In both motions, Defendants argue that Burton failed to exhaust his administrative remedies.  The Court held a hearing on the motions on June 29, 2026.  For the reasons explained in detail on the record during the motion hearing, the motions are **GRANTED** and Burton's claims are **DISMISSED** for failure to exhaust.

In summary, all parties agree that in order for a prisoner to fully exhaust his administrative remedies, he must complete all three steps of the MDOC's grievance policy prior to filing suit. *See*, *e.g.*, *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (explaining that "[a] grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted"); *Weatherspoon v. Strahan*, 2019 WL 5306842, at *1 (6th Cir. 2019) (affirming dismissal for failure to exhaust and noting that "MDOC policy requires prisoners to pursue a grievance through all three steps of the grievance process").  The parties vigorously dispute whether Burton exhausted his grievance(s) against the Defendants at Step I of the MDOC's grievance process.  But as discussed in detail on the record during the motion hearing, even if the Court assumes without deciding that Burton did complete Step I, the Defendants are nonetheless still entitled to summary judgment because it is undisputed that Burton did not proceed to Steps II or III of the MDOC's administrative process and therefore did not fully exhaust his remedies.

Burton counters that he should be deemed to have sufficiently exhausted his remedies because (1) the MDOC did not respond to his Step I grievance(s) and (2) when the MDOC failed to respond, he sent "kites" to MDOC officials complaining about the failure to respond.  However, for the reasons explained in detail on the record, the Court cannot conclude that Burton's actions exhausted his remedies.  As the Court explained, the MDOC's policy specifically provides that when the MDOC

fails to respond to a grievance within the specified time period, an inmate shall proceed to the next step of the process by filing the appropriate appeal with the designated grievance coordinator.  Thus, Burton was required to proceed with his appeals to the next steps in the process when the MDOC failed to respond; he was not permitted to pursue his own remedy of sending kites complaining about the lack of response.[1]

For all of these reasons, and the reasons explained in further detail on the record, Defendants' motions for summary judgment (ECF Nos. 56, 58) are **GRANTED** and Burton's claims are **DISMISSED**.[2]

IT IS SO ORDERED.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  June 29, 2026          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 29, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

[1] During the hearing before the Court, counsel for Burton acknowledged that while Burton once argued that he had been thwarted from appealing to Steps II and III of the grievance process, he (Burton) was no longer making that argument.

[2] Defendants raised additional arguments in their summary judgment motions.  The Court need not and does not reach those alternative arguments.